IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEROY FRANKLIN, THOMAS TERRILL,
JAMES CARROLL, TIMOTHY BRACE, and
DAVID RUFF, Individually and on behalf of
all others similarly situated                             PLAINTIFFS

VS.                              CASE NO. 07-5002

GENERAL TRUCKING, LLC and BASIC
CONSTRUCTION CO., INC.                                    DEFENDANT

## ORDER

Now on this 23rd day of October, 2007, comes on to be considered **Plaintiffs' Motion for Class Certification, Appointment of Class Counsel, and Representatives and to Approve Notice (Doc. 13).** Based upon the pleadings of the parties, representations of counsel, and all other matters of relevance before it, the Court, being well and sufficiently advised, concludes that the motion should be **GRANTED.** The Court finds and orders as follows with respect thereto:

1.    Plaintiffs Leroy Franklin, Thomas Terrill, James Carroll, Timothy Brace, and David Ruff bring this action under 29 U.S.C. § 2101 *et seq.*, the Worker Adjustment and Retraining Notification Act ("WARN" Act). The named plaintiffs were former employees of either General Trucking, LLC, or Basic Construction, Inc. The named plaintiffs allege in their complaint that General Trucking, LLC is a division and/or operating unit of Basic Construction Company,

1

Inc. within a single site of employment located in Springdale, Arkansas. The plaintiffs further allege that defendants Basic Construction, Inc. and General Trucking, LLC are vicariously and/or directly liable for WARN violations.

## CLASS CERTIFICATION

2. The named plaintiffs seek to bring this action on behalf of themselves and, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of themselves and all other persons similarly situated. Specifically, the plaintiffs contend that all four elements of Rule 23(a) of the Federal Rules of Civil Procedure have been met; that the additional elements of Federal Rule 23(b)(3) have been met; and that this motion is timely filed; and, that class certification is warranted.

3. In their response, the defendants do not object to this case being certified as a class action. The Court agrees and finds that this matter should be, and it hereby is, certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## DEFINITION OF THE CLASS CERTIFIED

4. In accordance with Rule 23(c)(1)(B) of the Federal Rules of Civil Procedure, the class in this proceeding is defined as follows:

Any former employee of General Trucking, LLC or Basic Construction Company who was terminated without cause in connection with an alleged "mass layoff" (as defined by

29 U.S.C. ¶ 2101(a)(3)) and/or an alleged "plant closing" (as defined by 29 U.S.C. ¶ 2101(a)(2)) that the Plaintiffs contend the Defendants conducted in Springdale, Arkansas on or about September 29, 2006, excluding those who timely file requests to be excluded from the Class.

### CLASS CLAIMS, ISSUES, OR DEFENSES

5. The plaintiffs, all of whom are former employees who worked at the facilities of General Trucking, LLC and Basic Construction Company, Inc., were terminated from their jobs on or about September 29, 2006. The plaintiffs claim that they and other former employees who worked at the facilities in Springdale, Arkansas were terminated without cause due to mass layoffs or a plant closing carried out on or about September 29, 2006. The plaintiffs claim that under the WARN Act they were entitled to receive written notice 60 days in advance of their termination dates. Because they did not receive proper notice, they believe that under the WARN Act they are entitled to an award of wages and benefits for each day of violation up to 60 days. Plaintiffs have brought this action on behalf of themselves and all other former employees who were terminated on or about September 29, 2006, as a result of the plant closing and mass layoffs or as the reasonable expected consequence of those mass layoffs and/or plant closing.

Plaintiffs have brought this action against Basic Construction

Company, Inc., and General Trucking, LLC which is a division or operating unit of Basic Construction Company, Inc.

Defendants General Trucking, LLC and Basic Construction Company, Inc. have denied that the provisions of the WARN Act apply because neither employed 100 full-time employees during the relevant time period and, therefore, neither is an employer as defined in the WARN Act. Defendant Basic Construction Company, Inc. has denied that it terminated any full-time employees during the referenced time period other than in the normal course of business. As such both defendants state that they were not subject to the WARN Act and that no notice was required.

## CLASS COUNSEL

6.   In accordance with Rules 23(c)(1)(B) and 23(g) of the Federal Rules of Civil Procedure, Brent Sterling, Sterling Law Firm, P.A., 1148 East Stearns Street, Suite 3, Fayetteville, Arkansas 72703, (479) 582-4800 and G. Chadd Mason, Mason Law Firm, 224 North Block Avenue, Fayetteville, Arkansas 72701, (479) 587-9300 are appointed class counsel.

## CLASS REPRESENTATIVES

7.   Leroy Franklin, Thomas Terrill, James Carroll, Timothy Brace, and David Ruff are appointed class representatives.

## NOTICE

8.   In accordance with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, the Court must direct to class members the best

4

notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The Court approves the proposed Notice of Class Action submitted by the defendants. (Document 16, Exhibit A) Within 15 days from the date of this Order, the Class Counsel are to mail the Notice of Class Action (Document 16, Exhibit A) by first class mail, postage prepaid, to the last known address of each of the putative class members.  The putative class members shall have 45 days from the date of mailing to opt-out of the class.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE