```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION

LEROY FRANKLIN, THOMAS TERRILL,
JAMES CARROLL, TIMOTHY BRACE, and
DAVID RUFF, Individually and on behalf of
all others similarly situated                               PLAINTIFFS

             v.                Civil No. 07-5002

GENERAL TRUCKING, LLC and BASIC
CONSTRUCTION CO., INC.                                      DEFENDANTS
```

### MEMORANDUM OPINION AND ORDER

NOW on this 3rd day of March, 2008, the above referenced matter comes on for this Court's consideration of the **Motion for Summary Judgment** (document #19) filed by the defendants, General Trucking, LLC and Basic Construction Co., Inc.  The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1.   The plaintiffs, Leroy Franklin, Thomas Terrill, James Carroll, Timothy Brace, and David Ruff, individually and on behalf of all others similarly situated, seek damages from the defendants for violations of the WARN Act which is codified at 29 U.S.C. § 2101 *et seq*.  The plaintiffs claim the defendants terminated their employment without giving sixty (60) days notice in violation of the WARN Act.

In the instant motion for summary judgment, the defendants argue that the plaintiffs' claims are barred by waiver, estoppel and release, and that the plaintiffs' claims should therefore be

dismissed with prejudice.

Plaintiffs have responded to the defendants' motion and argue that the theories of waiver, estoppel and release do not apply.

2.  The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997); *see also* Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 256. The non-moving

party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." <u>Wilson v. Southwestern Bell Tel. Co.</u>, 55 F.3d 399, 405 (8th Cir. 1995).

3.  For the purpose of considering the motion for summary judgment and based upon the pleadings submitted by the parties, the Court believes the following material undisputed facts appear:

*   Leroy Franklin and Thomas Terrill are former employees of General Trucking, LLC ("General Trucking").

*   James Carroll, Timothy Brace, and David Ruff are former employees of Basic Construction Company ("Basic").

*   At or close to the time the plaintiffs were hired, each plaintiff received a copy of the "Information Handbook for Employees" ("Handbook").

*   The Handbook was designed for employees of Basic and General Trucking. It states "[a]ll employees are expected to become familiar with the policies, procedures, practices, and benefits . . . . This handbook is intended to provide employees with basic information." (Handbook, p. ii)

*   The Handbook further states "Nothing contained in this handbook is intended to create a contract (express or implied), or otherwise to create legally enforceable obligations on the part of Basic Construction or its employees." (Handbook, p. ii)

*   On page ii, the Handbook also provides as follows:

[a]ll employment at Basic Construction is at will.  At will means, that both employees and Basic Construction have the right to terminate employment at any time, with or without advance notice, and with or without cause.

* On page 6, the Handbook provides as follows:

Basic Construction will cooperate with federal, state, or local government agencies that have the responsibility of observing our actual compliance with various laws relating to employment.

* On page 8, the Handbook provides as follows:

At will means, that both employees and Basic Construction have the right to terminate employment at any time, with or without advance notice, and with or without cause.

* Each plaintiff signed an "Acknowledgment of Receipt and Understanding" which provides as follows:

^ The statements contained in the Information Handbook for Employees of Basic Construction are intended to serve as general information concerning Basic Construction and its existing policies, procedures, practices of employment and employee benefits.

^ Nothing contained in the Information Handbook for Employees of Basic Construction is intended to create (nor shall be construed as creating) a contract of employment (express or implied) or guarantee employment for a definite or indefinite term.

^ From time to time Basic Construction may need to clarify, amend and/or supplement the information contained in the Information Handbook for Employees of Basic Construction and that the company will inform me when changes occur.

^ I have received a copy of the [Handbook], have read and understand the information outlined in the handbook, have asked any questions I may have concerning its contents and will comply with all policies and procedures to the best of my ability.

* On the day that plaintiffs James Carroll, Timothy Brace,

-4-

and David Ruff picked up their final paychecks from Basic, each of them signed a document entitled "Release from Obligation" ("Release").  The Release provides as follows:

> In receiving this payroll check dated 10/16/06 I acknowledge that I have been paid all monies due me for work performed for Basic Construction.  I have not worked any time for which I have not been compensated and do hereby release Basic Construction from any and all obligations.  I also understand that Basic Construction is under no requirement or obligation to continue my employment and that any continuance of employment will be at the discretion of Basic Construction and my acceptance to work. All work is AT-WILL, both mine and Basic's.

4.   In the instant motion, the defendants contend that the plaintiffs' claims are barred by waiver and estoppel -- saying that  the plaintiffs knowingly waived any requirement that either defendant give them advance notice prior to terminating them" by "accepting and agreeing" to the Handbook provisions; and, additionally, that the claims of certain plaintiffs (James Carroll, Timothy Brace, and David Ruff) should  be dismissed under the theory of "release" because Carroll, Brace and Ruff each signed a  "Release from Obligation" when they picked up their final paychecks from Basic.  The Court is not persuaded by either of these arguments.

5. **<u>Waiver and Estoppel</u>**: In analyzing these arguments, it is useful to note pertinent Arkansas caselaw.  With respect to the doctrine of waiver, that caselaw provides that

> [w]aiver is the voluntary abandonment or surrender by a capable person of a right known by him to exist, with

>  the intent that he shall forever be deprived of its benefits.  It may occur when one with full knowledge of material facts, does something which is inconsistent with the right of his intention to rely upon the right. The relinquishment of the right must be intentional.

Continental Ins. Companies v. Stanley, 569 S.W.2d 653, 656 (Ark. 1978)(citations omitted).  *See also* Bethell v. Bethell, 597 S.W.2d 576 (Ark. 1980).

With respect to the doctrine of estoppel, Arkansas caselaw indicates that

> estoppel arises where, by the fault of one party, another has been induced, ignorantly or innocently, to change his position for the worse in such manner that it would operate as a virtual fraud upon him to allow the party by whom he has been misled to assert the right in controversy.

Id.

In the Court's view, defendants' Handbook doesn't support their contentions of waiver and/or estoppel but, rather, tends to undermine them.  The Handbook

\*  clearly states "Nothing contained in this handbook is intended to create a contract (express or implied) or otherwise to create legally enforceable obligations on the part of Basic Construction or its employees";

\*  gives to both Basic and Basic's president unilateral discretion "to add to, modify, or delete provisions of this handbook at any time without advance notice;"

\*  repeatedly makes clear that the plaintiffs' employment is "at will" and that there is no contract of employment; and

\*   provides that the defendants will comply with federal, state and local laws.

Moreover, the Court perceives nothing in the Handbook, or otherwise, which would indicate that plaintiffs were aware of the WARN Act.  Accordingly, the Court simply does not find facts to support defendants' contention that the plaintiffs knowingly surrendered "a right known to . . . exist, with the intent that he shall forever be deprived of its benefits."  Nor does the Court find that the plaintiffs' claims should be barred by the doctrine of estoppel.

6.   **Release**:  Arkansas law provides that a release is a "contract" and it must be interpreted pursuant to the rules of contract interpretation.  <u>Wal-Mart Stores, Inc. V. Coughlin</u>, 2007 WL 1098162 (Ark. 2007)(citing <u>Green v. Owens</u>, 495 S.W.2d 166 (Ark. 1973)). The Court must "construe a contract according to its unambiguous language without enlarging or extending its terms." <u>North v. Philliber</u>, 602 S.W.2d 643, 645 (Ark. 1980).  And, "any ambiguity in a contract must be construed against the party who drafted it . . . ."  <u>Id</u>.

On the day that plaintiffs James Carroll, Timothy Brace, and David Ruff picked up their final paychecks from Basic, each of them signed a document entitled "Release from Obligation" ("Release").  The Release provides as follows:

> In receiving this payroll check dated 10/16/06 I acknowledge that I have been paid all monies due me for

-7-

>work performed for Basic Construction.  I have not worked any time for which I have not been compensated and do hereby release Basic Construction from any and all obligations.  I also understand that Basic Construction is under no requirement or obligation to continue my employment and that any continuance of employment will be at the discretion of Basic Construction and my acceptance to work. All work is AT-WILL, both mine and Basic's.

Although defendants argue that the Release should be construed to affect plaintiffs' claims in this case, the Court is not persuaded that it has that effect.

It appears to the Court that the first two sentences of the above language clearly apply to work performed and monies paid for that work.  Therefore, the release of obligations mentioned in the second sentence clearly apply to monies and work performed -- not to such matters as the instant lawsuit. If those two sentences are ambiguous (and the Court is not so persuaded), any ambiguity must be construed against defendants who wrote it.

The last two sentences of the foregoing passage clearly relate to the "understanding" of the concept of "employment at will" which defendants wish plaintiffs to acknowledge -- they say nothing about releasing defendants from any obligation to comply with the WARN Act.  In fact, they mention nothing about any kind of release.  Again,  if those last two sentences are ambiguous (and the Court is not so persuaded), any ambiguity must be construed against defendants who wrote it.

The Court, therefore, concludes that, when taken in context

as a whole, the "unambiguous language" of the documents simply releases Basic from claims for "monies due . . . *for work performed* for Basic" and *not* from plaintiffs' claims under the WARN Act

7.   For the reasons set forth above the Court finds that the **Motion for Summary Judgment** (document #19) filed by the defendants, **General Trucking, LLC and Basic Construction Co., Inc.,** should be, and it hereby is **denied.**

   **IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE
