```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

LEROY FRANKLIN, THOMAS TERRILL,
JAMES CARROLL, TIMOTHY PIERCE, and
DAVID RUFF, Individually, and on behalf of all
others similarly situated,                              PLAINTIFFS


             v.          Civil No. 07-5002


GENERAL TRUCKING, LLC, and BASIC
CONSTRUCTION CO., INC.                                  DEFENDANTS

## O R D E R

NOW on this 8th day of October, 2008, the above referenced matter comes on for consideration of **Defendants' Petition for Appeal of Interlocutory Order** (document #71) and plaintiffs' response thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. On May 12, 2008, the Court ruled on the parties' cross motions for summary judgment (documents #38, 50). The Court's Memorandum Opinion and Order (document #62) found:

\* that the defendants should be considered a "single employer" for purposes of the WARN Act; and,

\* that the defendants shared a "single site of employment" for purposes of the WARN Act.

2. The instant motion, **Defendants' Petition for Appeal of Interlocutory Order** (document #71), filed on September 2, 2008,

seeks an order, pursuant to 28 U.S.C. § 1292(b)[1], so that the defendants may pursue an interlocutory appeal of the Court's rulings.

    3.    The plaintiffs have responded to the defendants' motion and, in their pleadings, argue that the motion should be denied because:

    *    the petition is not timely filed;  and

    *    the petition does not otherwise meet the requirements of certification under 28 U.S.C. § 1292(b).

    4.    "The requirements of § 1292(b) are jurisdictional." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).  "It has, of course, long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants.  Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination."  Id.  (citing Control Data Corp. V. Internat'l Business Machs. Corp., 421 F.2d 323, 325 (8th Cir. 1970)). "[T]he

---

[1] 28 U.S.C. § 1292(b) provides

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id.  *See also* Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643 (8th Cir. 2008).

5.   The plaintiffs first argue that the defendants' motion to pursue an interlocutory appeal is not timely and should, therefore, be denied.  The Court notes that the order and rulings which the defendants seek to appeal were entered on May 12, 2008.  The instant motion was filed on September 2, 2008,  almost four (4) months later.

Neither the parties' briefs nor the Court's research have produced controlling precedent on this timeliness issue – however, as cited by the plaintiffs in their response brief, the issue *has* been addressed by the United States Court of Appeals for the Seventh Circuit and various United States District Courts.  *See, e.g.,* Weir v. Propst, 915 F.2d 283 (7th Cir. 1990); Richardson Electronics Ltd. V. Panache Broadcasting of Pennsylvania, Inc., 202 F.3d 957 (7th Cir. 2000).

The cited line of cases notes that although 28 U.S.C. § 1292(b) does not establish a time in which a party must move for a court's order to be certified for an interlocutory appeal, any delay in seeking certification must be reasonable. Weir, 915 F.2d at 287; Richardson, 202 F.3d at 958.  And, absent good cause for delay in a request for certification, the motion should be denied.

Id.

Although, as mentioned above, the cited cases are not controlling in this jurisdiction, this Court believes that, considering the well established policy of the courts to discourage piece-meal appeals – primarily due to the additional delay and burdens such appeals cause litigants, the reasoning is sound.

Clearly, there was a lengthy delay between this Court's order of May 12, 2008 and the defendants' motion filed September 2, 2008. During that delay, litigation continued in this Court. The defendants have given absolutely *no* reason for that delay. And, therefore, the Court finds that the motion was untimely and orders that the defendants' motion should be, and it hereby is, denied.

6. Because the defendants' motion has been resolved based on its untimely filing, the Court need not undertake further analysis with respect to whether the defendants have otherwise met the heavy burden of demonstrating that this case is "an exceptional one in which immediate appeal is warranted." White, 43 F.3d at 376.

IT IS, THEREFORE, ORDERED that **Defendants' Petition for Appeal of Interlocutory Order** (document #71) should be, and it hereby is **denied.**

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

-4-